IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL E. DAVIS | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| U.S. BANK NATIONAL ASSOCIATION | : |
| As Trustee for the Structured Asset | : |
| Investment Loan Trust, 2005-11 | : NO. 12-5943 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                                            **January 24, 2013**

In this action brought under the Servicemembers Civil Relief Act, 50 U.S.C. app. §§ 501-597(b) ("SCRA"), the plaintiff Michael E. Davis alleges that the defendant, U.S. Bank National Association ("U.S. Bank"), scheduled a sheriff's sale of his real property and locked him out of the property while he was on active military duty.  U.S. Bank has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that the facts alleged in the amended complaint fail to state both a federal cause of action under the SCRA and a state cause of action for trespass.

Accepting the allegations in the amended complaint as true and drawing all inferences from them in favor of Davis, we conclude he has not stated a cognizable cause of action under the SCRA, but has stated a trespass cause of action under Pennsylvania law.  Therefore, because we decline to exercise supplemental jurisdiction over the state law claim, we shall grant U.S. Bank's motion to dismiss the amended complaint in its entirety.

The facts alleged in the amended complaint, which we accept as true for the purpose of reviewing the motion, recite the history of the parties' dealings with respect to the mortgage on the real property owned by Davis known as 4015 Green Street,

Philadelphia, Pennsylvania.  Davis mortgaged the property to BNC Mortgage, Inc., which subsequently assigned ownership of the mortgage to U.S. Bank.

On January 25, 2008, after Davis failed to make his mortgage payments, U.S. Bank filed a mortgage foreclosure action in state court.  On June 11, 2008, default judgment was entered for failure to respond to the complaint.  On August 9, 2008, the property was posted for a sheriff's sale scheduled to be held on September 9, 2008.  Four days before the scheduled sale, Davis filed a petition to open and/or strike the judgment.  As a result of Davis filing the petition to open or strike the judgment, the sheriff's sale was postponed to October 7, 2008.  On September 15, 2008, while his petition was pending, plaintiff received orders to report for active duty on October 1, 2008.  Four days later, he sent a copy of his orders to U.S. Bank's foreclosure counsel, Phelan, Hallinan & Schmieg, LLP.  On September 23, 2008, U.S. Bank locked Davis out of the property.  On October 1, 2008, as ordered, Davis reported for active military duty.

On November 12, 2008, the judgment was vacated.  At the defendant's request on February 24, 2009, the state court mortgage foreclosure proceedings were stayed.  No action in the mortgage foreclosure action has been taken since then.

## Legal Standard

In examining motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), we accept the well-pleaded allegations in the complaint as true. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

A motion to dismiss for failure to state a claim "tests the legal sufficiency of plaintiff's claim."  *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).  Where a bar to relief is apparent from the face of the complaint, dismissal under Rule 12(b)(6) will be granted.

*Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994)). With these standards in mind, we accept as true the facts as they appear in Davis's complaint and draw all possible inferences from those facts in his favor.

**Analysis**

Davis relies upon section 532 of the SCRA. That section applies to installment note obligations, not to mortgage obligations. The applicable provision is section 533, which applies to actions taken to enforce a mortgage obligation. Nevertheless, accepting as true the allegations in the amended complaint and drawing all inferences in favor of Davis, he has not made out a cause of action under § 533.

Section 533 operates to invalidate a foreclosure or seizure of property for breach of a mortgage obligation that is made "during, or within 9 months after, the period of the service member's military service." 50 U.S.C. app. § 533(c). The provision applies where the mortgage obligation originated before and remained during the mortgagee's military service. § 533(a).

Summarizing the allegations relevant to the claim brought under the SCRA, the mortgage foreclosure complaint was filed and a default judgment taken prior to Davis beginning his active military service. All proceedings in the foreclosure action were stayed while he remained in the military service. No legal action affecting his ownership interest in the property was taken after he entered on active duty. Nor has any action in the state court proceeding been taken since he returned from duty.

Contrary to U.S. Bank's argument, Davis has stated a cognizable claim under state law for trespass to his property. Under Pennsylvania law, "one who intentionally enters land in the possession of another without a privilege to do so is liable to the possessor of

the land as a trespasser." *Degussa Constr. Chem. Operations, Inc. v. Berwind Corp.*, 280 F. Supp. 2d 393, 408 (E.D. Pa. 2003) (quoting *Northeast Women's Ctr., Inc. v. McMonagle*, 670 F. Supp. 1300, 1311 (E.D. Pa. 1987)). The amended complaint alleges that Davis owned the property, the defendant entered the property and prevented him from entering his property.

Davis asserts that we have supplemental jurisdiction over his state law trespass claim. Because we have dismissed his federal count, there is no longer federal question jurisdiction. We decline to exercise supplemental jurisdiction over the state law claim, which Davis may pursue in the state court. *See Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 181 (3d Cir. 1999) (quoting 28 U.S.C. § 1367(c)(3)) (a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction").[1]

---

[1] Davis is not precluded from pursuing his action in the Pennsylvania state court. Notwithstanding the statute of limitations, he may file an action in the Philadelphia Court of Common Pleas provided he promptly files a certified transcript of the judgment and pleadings filed in this action. *See* 42 Pa. Cons. Stat. Ann. § 5103(b); *Kelly v. Hazleton General Hosp.*, 837 A.2d 490, 493-94 (Pa. Super. 2003); *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999) (explaining that § 5103 "serves to toll the statute of limitations only for those claims that have been dismissed by a federal court for lack of jurisdiction").